*This opinion is nonprecedential except as provided by Minn. R. Civ. App. P. 136.01, subd. 1(c).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A23-0952**

State of Minnesota,
Respondent,

vs.

Tyler Gregory Opatz,
Appellant.

**Filed May 13, 2024
Affirmed
Klaphake, Judge**[*]

Stearns County District Court
File No. 73-CR-21-1034

Keith Ellison, Attorney General, Peter Magnuson, Assistant Attorney General, St. Paul, Minnesota; and

Janelle P. Kendall, Stearns County Attorney, St. Cloud, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Richard Schmitz, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Ross, Presiding Judge; Larkin, Judge; and Klaphake, Judge.

---

[*] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

**KLAPHAKE**, Judge

Appellant Tyler Gregory Opatz challenges his convictions of second-degree assault and threats of violence, arguing that insufficient evidence supports the convictions because respondent State of Minnesota failed to prove the intent element of both offenses. Because the state presented sufficient evidence of Opatz's intent, we affirm.

**DECISION**

Opatz was charged with and convicted of various offenses based on an altercation that arose when L.V. arrived in the middle of the night at Opatz's parents' house, where Opatz was then residing, to drop off Opatz's intoxicated fiancée, N.M. Opatz argues that insufficient evidence supports his convictions of second-degree assault and threats of violence against L.V. because the state failed to prove that he acted with the requisite intent.

When evaluating a challenge to the sufficiency of the evidence, we carefully examine "the record to determine whether the facts and the legitimate inferences drawn from them would permit the [jury] to reasonably conclude that the defendant was guilty beyond a reasonable doubt of the offense of which he was convicted." *State v. Waiters*, 929 N.W.2d 895, 900 (Minn. 2019) (quotation omitted). In conducting this analysis, we view the evidence in the light most favorable to the verdict and assume the jury disbelieved any contrary evidence. *State v. Griffin*, 887 N.W.2d 257, 263 (Minn. 2016).

If the conviction, or any element of the offense, is based on circumstantial evidence, we apply a "heightened" standard of review. *State v. Loveless*, 987 N.W.2d 224, 247 (Minn. 2023). This heightened review involves a two-step analysis. First, we identify the

circumstances proved, assuming the jury resolved any factual disputes in a manner consistent with its verdict. *Id.* Second, we independently evaluate the reasonableness of inferences that might be drawn from the circumstances proved. *Id.* In doing this, "we give no deference to the jury's verdict." *Id.* The circumstances proved must, as a whole, be consistent with guilt and "inconsistent with any rational hypothesis except that of guilt." *State v. Stewart*, 923 N.W.2d 668, 673 (Minn. App. 2019), *rev. denied* (Minn. Apr. 16, 2019).

## I. Sufficient evidence of intent to cause fear supports Opatz's conviction of second-degree assault.

As charged here, second-degree assault is an act done "with a dangerous weapon" and "with intent to cause fear in another of immediate bodily harm or death." Minn. Stat. §§ 609.02, subd. 10, .222, subd. 1 (2020). Opatz challenges only the sufficiency of the evidence as to his intent.

A defendant's state of mind is generally proved through circumstantial evidence. *Loving v. State*, 891 N.W.2d 638, 643 (Minn. 2017). But intent may be proved by direct evidence of the defendant's own statements when the statements, if believed, do not require the jury to draw inferences about the purpose of the defendant's actions. *State v. Horst*, 880 N.W.2d 24, 39 (Minn. 2016).

Here, the state used a combination of direct and circumstantial evidence to prove Opatz's intent. It presented direct evidence in the form of L.V.'s testimony that Opatz told him if he did not leave, he was "going to get stabbed." And the state presented evidence of the following circumstances. N.M. told Opatz that she would be dropped off at his

3

parents' house, so he knew to expect her. Shortly after L.V. parked in the driveway of Opatz's parents' house, he approached the front door for assistance with N.M., who had fallen asleep, and Opatz came out. Opatz approached L.V. with a six- to eight-inch knife in his hand, coming within five or six feet of L.V. And he held the knife out, pointed it at L.V., and threatened to stab him. L.V. then backed away as Opatz continued to hold the knife.

These circumstances are consistent with guilt. A "fact-finder may infer that a person intends the natural and probable consequences of that person's actions." *State v. Colgrove*, 996 N.W.2d 145, 152 (Minn. 2023). The natural and probable consequence of Opatz brandishing the knife at L.V. and saying that he would stab him if he did not leave was L.V. fearing that Opatz would, in fact, stab him. Opatz does not dispute as much.

Instead, Opatz argues that the circumstances are also consistent with a reasonable inference that he merely intended to protect himself and his property by getting a trespasser to leave, which, he contends, is inconsistent with guilt. We disagree for two reasons. First, intent to scare off a trespasser is not, in this case, inconsistent with guilt. Opatz did not assert the affirmative defenses of self-defense or defense of dwelling and acknowledges that he could not claim them because he voluntarily left his house to confront L.V. And his invocation of those defenses undercuts his argument. As affirmative defenses, they do not negate the actor's use of force or threatened use of force but excuse or authorize such conduct if it is a reasonable means of resisting another's unlawful conduct. *See* Minn. Stat. § 609.06, subd. 1 (2020) (listing when "reasonable force may be used upon or toward the person of another"); *State v. Lampkin*, 994 N.W.2d 280, 289 (Minn. 2023) (discussing

4

parameters of self-defense). Opatz threatened L.V. with a knife precisely because he wanted to cause L.V. to fear bodily harm, apparently with the further intent that such fear would motivate L.V. to leave. That secondary intent does not negate or excuse the intent to cause fear.

Second, Opatz's suggestion that his conduct was similar to self-defense or defense of dwelling ignores the circumstances proved. Opatz asserts that he confronted L.V. because he was "unaware of L.V.'s intentions." But Opatz knew that someone was coming to the house to drop off N.M. While he may not have known exactly whom to expect, he was not startled by a late-night disturbance.

In sum, the circumstances proved support only one reasonable inference—that Opatz brandished a knife at L.V. and threatened to stab him with the intent that L.V. would fear bodily harm. As such, sufficient evidence supports Opatz's conviction of second-degree assault.

**II.     Sufficient evidence of intentionally or recklessly causing extreme fear supports Opatz's conviction of threats of violence.**

A person commits the offense of threats of violence when they "threaten[], directly or indirectly, to commit any crime of violence with purpose to terrorize another . . . or in a reckless disregard of the risk of causing such terror." Minn. Stat. § 609.713, subd. 1 (2020) (providing that "crime of violence" means "violent crime" in Minn. Stat. § 609.1095, subd. 1(d) (2020)). "To cause terror means to cause extreme fear by use of violence or threats." *State v. Mrozinski*, 971 N.W.2d 233, 240 (Minn. 2022) (quotation omitted). The phrase "crime of violence" includes second-degree assault. Minn. Stat. § 609.1095, subd.

1(d) (citing Minn. Stat. § 609.222). In this context, second-degree assault means "the intentional infliction of or attempt to inflict bodily harm upon another" with a dangerous weapon. *See* Minn. Stat. § 609.02, subd. 10(2). Opatz again challenges only the sufficiency of the evidence as to his intent.

In support of his challenge, Opatz essentially equates threats of violence with second-degree assault, reiterating the argument discussed above and asserting that if he lacked the requisite intent to commit second-degree assault, "he necessarily lacked the requisite intent to commit threats of violence."[1] For the reasons stated above, we reject this argument.

Moreover, the offense of threats of violence encompasses not only intentionally causing another extreme fear but also recklessly causing another such fear. A defendant recklessly causes another extreme fear when they are "aware of a substantial and unjustifiable risk" that their words or actions will cause that fear and they "act in conscious disregard of that risk." *Mrozinski*, 971 N.W.2d at 240. Consistent with the discussion above, confronting another with a knife and threatening to stab them unless they leave creates a substantial and unjustifiable risk of causing the other extreme fear. That is a result that Opatz either intentionally sought or consciously disregarded.

---

[1] Opatz captures the essence of his challenges to both convictions by asserting that "anybody" faced with a stranger pulling into their driveway in the middle of the night would act as he did and "grab any available weapon, confront the stranger, and aggressively demand that the person leave." That assertion seems to improperly expand the scope of defense of dwelling in a manner that he acknowledges contravenes caselaw. But it also ignores that a homeowner concerned about events transpiring outside can remain safely inside and pursue the usual recourse—call the police.

Opatz also suggests that his conviction exceeds the appropriate application of the threats-of-violence statute, which is not meant to criminalize "the kind of verbal threat which expresses *transitory anger* which lacks the intent to terrorize." *State v. Smith*, 825 N.W.2d 131, 137 (Minn. App. 2012) (quotation omitted). But Opatz did not simply verbalize a threat. He approached L.V., came within feet of him, pointed a large knife at him, and threatened to stab him. As in *Smith*, where the defendant waved knives at another as part of an angry confrontation, *id.*, Opatz's conduct toward L.V. is inconsistent with mere transitory anger.

In sum, the only reasonable inference from the circumstances proved is that Opatz threatened to stab L.V., a threat of second-degree assault, and did so with the intent to cause L.V. extreme fear or in reckless disregard for the risk of causing such fear. As such, sufficient evidence supports the threats-of-violence conviction.

**Affirmed.**